**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Simeona Jeronimo Gomez,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 22-312<br><br>Agency No.  A208-302-541<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023**
Portland, Oregon

Before: RAWLINSON, BEA, SUNG, Circuit Judges.

1. Simeona Jeronimo Gomez ("Petitioner"), a native and citizen of Guatemala, petitions this court to review the Board of Immigration Appeals's ("BIA") decision. The BIA affirmed the Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We deny the petition.

2.  The parties are familiar with the facts of the case, so we do not recite them here.  Given the BIA adopted and affirmed the IJ's decision, we review the IJ's determinations, as if they were the BIA's, as well as the BIA's own supplemental analysis.  *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013).  We review factual determinations under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B).  We review legal conclusions, including the BIA's due process determinations, de novo.  *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008).

3.  The agency did not improperly deprive Petitioner of her right to counsel.  Aliens have a statutory right to retain counsel at their own expense in immigration proceedings.  *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).  But there is no due process violation when the "IJ provide[s] the petitioner with reasonable time to locate counsel" and the record reveals that further continuances "would have been futile."  *Id.* at 1158 (cleaned up).  Nearly three and a half years elapsed between the IJ's giving Petitioner a list of low-cost attorneys for her to seek out counsel and her merits hearing.  And the IJ granted three separate continuances for Petitioner to prepare her case.  Given this reasonable length of time and Petitioner's failure to identify how an additional continuance would permit her to retain an attorney when her previous efforts failed, we conclude that Petitioner's due process rights were not violated by her *pro se* status during the merits hearing.

4.  Petitioner next argues that her due process rights were violated because

the IJ failed adequately to explain the immigration procedures to her and because the IJ did not adequately develop the record. Neither contention has merit.

Aliens have a statutory right to present evidence on their behalf and to examine the evidence against them. 8 U.S.C. § 1229a(b)(4)(B). But even *pro se* aliens "are not entitled to the IJ's legal assistance," so long as the IJ ensures the alien "understood and had the opportunity to access all manner of procedural assistance" to present his case. *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (cleaned up). The IJ informed Petitioner of the procedures that would follow once she filed an asylum application. The IJ told Petitioner that she should inform the attorneys she contacted what occurred "in Guatemala that made [her] afraid to stay there and ma[de] [her] afraid to go back." The IJ informed Petitioner of the consequences of filing a knowingly false application and detailed the evidence Petitioner could present on her behalf. Petitioner expressly acknowledged that she understood what the process involved. Given the IJ's explanation and Petitioner's acknowledgement that she understood what she had been told, Petitioner's contention that the IJ's explanation of the immigration proceedings was inadequate fails to constitute a due process violation. *Id.* at 643 (finding no due process violation when the "IJ explained Hussain's statutory rights, detailed the court procedures, and ensured Hussain had the opportunity to procure a lawyer if he wanted one").

Similarly, while an IJ is responsible for developing the record, due process does not require the IJ to ascertain all possible evidence "that might lend support"

to the alien's claims, as an advocate would be expected to do. *Id.* The IJ adequately developed the record here. The IJ began with broad questions so Petitioner could direct the conversation and detail the basis for her claims. The IJ followed up on Petitioner's assertion that her fear of returning to Guatemala stems from her uncle's threatening behavior, but Petitioner twice stated she did not know her uncle's motivations. And when the IJ explained that he may have missed aspects of Petitioner's testimony and that she was free to add more details, Petitioner informed the IJ that there was nothing else she wanted to share. This record demonstrates the IJ adequately developed the record. Given there was "nothing [that] alerted the IJ that more questioning was required to probe for facts relating to" Petitioner's religion, the IJ did not violate Petitioner's due process rights by not asking additional questions. *Zamorano v. Garland*, 2 F.4th 1213, 1227 (9th Cir. 2021); *accord Hussain*, 985 F.3d at 643–45.

5. Finally, Petitioner contends that her due process rights were violated because she received inadequate translation services at her merits hearing. This argument lacks merit. Although she argues that there was direct evidence of mistranslations, Petitioner fails to identify specific instances in the record that reveal such mistakes. Petitioner's general objection is insufficient to satisfy her burden of proving that the alleged mistranslations affected the fairness of the proceedings below. *Singh v. Ashcroft*, 367 F.3d 1139, 1143–44 (9th Cir. 2004). Petitioner's contention that incompetent translations prevented her from fully understanding the proceedings is also belied by the record. On several occasions,

Petitioner noted that she understood the IJ. And the record reveals that the interpreters expressly stated that they comprehended each other as well as the information that was being discussed by Petitioner and the IJ. Given Petitioner's acknowledgements that she understood the interpreter and the information conveyed by the IJ, Petitioner has failed to show prejudice, which means that her due process rights were not violated.

**PETITION DENIED.**[1]

---

[1] Petitioner has forfeited any argument on appeal regarding the merits of her asylum, withholding of removal, and CAT claims because she did not raise them in her opening brief. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc).